UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:08-CR-57-GFVT |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| ARTHUR LEE FREEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral, *see* DE #28 (Order), considers reported violations of supervised release conditions by Defendant Arthur Lee Freeman. This District originally convicted Defendant for simple marijuana possession, in violation of 21 U.S.C. § 844(a). *See* DE #24 (Judgment) (April 14, 2009). Freeman's original punishment terms were nine months of imprisonment followed by one year of supervised release. Freeman began his supervised release term on June 30, 2009.

The United States Probation Office (USPO) issued a Supervised Release Violation Report on August 25, 2009, and secured a warrant from the District Judge. Freeman appeared for initial proceedings under Rule 32.1 on November 13, 2009. *See* DE #29 (Minute Entry). At a final hearing, Defendant competently entered a knowing, voluntary, and intelligent stipulation to one of the Report's charges, after the Court afforded Freeman all rights due under Rule 32.1 and 18 U.S.C. § 3583.[1]

---

[1] The Court offered a Rule 32.1 preliminary hearing, which Defendant competently waived. *See* DE #29 (Minute Entry). The Court thus set and conducted a final hearing. Freeman validly stipulated to the content of the Report, as to Violation #2, and the Court offered the parties the

1

The reported violations include 1) use of oxycodone without a prescription on or about July 29, 2009, and 2) the criminal conduct reflected by such unlawful oxycodone possession. The United States confirmed a positive drug screen through lab verification.

At the final Rule 32.1 hearing, Freeman validly conceded Violation #2, the crime of oxycodone possession. The conduct confessed violates the Judgment's restriction against criminal conduct. *See* DE #24 Judgment. Further, unlawful controlled substance possession in this instance would be a felony under federal law. *See* 21 U.S.C. § 844(a) (simple possession, as felony, with prior drug conviction); DE #7 (Notice of prior conviction; however, the § 844(a) offense of conviction also would suffice as the aggravator). The Sixth Circuit treats controlled substance use as equivalent to possession, in the supervised release context. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). Defendant accepted responsibility at the final hearing and stipulated that, in the supervised-release context, the violation occurred as described. The stipulation and record (including the lab report) establish the conduct. [The United States then moved to dismiss Violation #1.]

The parties presented a joint recommendation, not binding on the Court. The parties sought revocation, a ten (10) month term of incarceration, and no additional supervised release term. Both counsel articulated a basis for the recommendation, focusing on Freeman's acceptance of

---

opportunity to present any proof and make any argument concerning the proper disposition of the matter. The Court also expressly informed Defendant of his right of allocution before the District Court.

At the initial appearance, the Court also considered interim detention. The United States sought detention, and in the Court's assessment, Freeman failed to carry the heavy release burden under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a), which expressly govern the analysis. Defendant did not establish, by clear and convincing evidence, that he would not flee or pose a danger if released during the interim. *See id.*

responsibility for the violation.

The Court has evaluated the full record, including the Report packet and sentencing materials from the underlying Judgment in this District. The Court has considered all of the § 3553 factors imported into the § 3583(e)(3) analysis.

Under § 3583, a defendant's maximum penalty for a supervised release violation[2] hinges on the gravity of the underlying offense of conviction. Freeman's § 844(a) conviction (with an aggravator based on a prior drug conviction) was for a Class E felony. *See* 21 U.S.C. § 844(a); 18 U.S.C. § 3559. For a Class E felony, the maximum revocation sentence provided under § 3583 is one (1) year of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-439 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1(a)(2), the nature of Defendant's admitted conduct would qualify as a Grade B violation because it encompasses felonious conduct per 21 U.S.C. § 844(a). With a criminal history category of VI (the category at the time of the conviction in this District) and a Grade B

---

[2] The proof standard is a preponderance of the evidence, *see* 18 U.S.C. § 3583(e)(3), which Defendant's stipulation and the proffered corroborating evidence (including the USPO Report and lab reports) obviously satisfy. The preponderance standard applies even when the alleged violation at issue is commission of another crime. Thus, absent stipulation, the United States would be required to prove the criminal elements by only a preponderance of the evidence. *See, e.g., United States v. Carlton*, 442 F.3d 802, 807-12 (2d Cir. 2006) (discussing § 3583(e) proof standards in context of alleged criminal conduct as supervised release violation).

violation, Defendant's range, under the Revocation Table of Chapter 7, is 21-27 months. However, with that range exceeding the statutory maximum of 1 year, 1 year becomes the range. *See* U.S.S.G. § 7B1.4(b)(1) (requiring substitution of statutory maximum for applicable range when former exceeds latter).

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Here, the reimposition maximum would be 1 year (the original authorized term), net any revocation term imposed.

The Court has carefully weighed the nature and circumstances of the offense[3] and Defendant's particular history and characteristics. Freeman unquestionably is dangerous, and his prompt violation through felony conduct continues an unbroken course of adult criminality. His Criminal History Category VI status (based on various offenses, including many violent and drug-related acts) places Freeman at the apex of gravity as an offender. Further, the problems that flow from oxycodone abuse are standard fare before the Court. The violation warrants steps of both deterrence and public protection.

---

[3] The Guidelines suggest that the *primary* wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). This observation does not detract from but rather shapes the Court's analysis of the statutory factor encompassing offense conduct.

Freeman has requested access to treatment, and the Court recognizes that avoidance of drug abuse will be Defendant's only route to long-term freedom. His admission of guilt and acceptance of responsibility is a positive, though small, step in the right direction.

Congress does *mandate* revocation in a case of this nature. By statute, the Court must revoke Defendant because he "possessed" a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also Crace*, 207 F.3d at 836 (equating use with possession).[4] The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Freeman's admitted use in this context undoubtedly results in application of § 3583(g)(1). *See United States v. Metcalf*, 292 F. App'x 447, 450 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection."). The only exception would be if a suitable treatment option, or Freeman's record of involvement in prior treatment, warranted relief. *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835 (holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)"). Defendant does not advocate for any exception, and no grounds exist for concluding that treatment would be a justified alternative incarceration option under § 3583.

The Court accepts the parties' recommendation as an appropriate result and one that is consistent with the function of sentencing under § 3553. A ten-month sentence, though below the maximum/Guidelines range, *exceeds* Freeman's punishment for the underlying conviction and is a significant term. Factoring in some credit for acceptance, a sentencing staple, the sentence is

---

[4] Likewise, for a Grade B violation, as is the case here, the Guidelines require revocation. *See* U.S.S.G. § 7B1.3.

5

sufficient but not greater than necessary to meet the statutory purposes.

The Court also declines to recommend additional supervision, finding that further supervision would be ineffectual to advance the statutory purposes set forth in § 3553. The maximum reimposition term would be only two months. This difficult analysis pits societal gains (by oversight) against the costs and burdens of such supervision. In this case, and as to this Defendant, further supervised release would not fulfill sentencing objectives under § 3553.

The Court recommends, based on the violation found:

1.  Revocation and incarceration for a term of ten (10) months, with Defendant to receive access to suitable drug treatment, if reasonably available and if sought by Defendant, during custody.

2.  No additional term of supervision to follow release.

3.  Dismissal of Violation #1, per the oral motion of the United States.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within ten days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct.

466 (1985).

This the 20th day of November, 2009.

Signed By:
Robert E. Wier  *REW*
United States Magistrate Judge