UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 08-57-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ARTHUR LEE FREEMAN, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition (also known as a Report and Recommendation or "R&R") [R. 34] filed by United States Magistrate Judge Robert E. Wier. The Defendant, Arthur Lee Freeman, allegedly violated the terms of his supervised release, and a summons issued based on those alleged violations. [R. 27.] This matter was then referred to Judge Wier to conduct a final revocation hearing and recommend a proposed disposition of the matter.

Pursuant to the referral order, Judge Wier conducted a final revocation hearing on November 11, 2009 [R. 33]. At this hearing, Freeman stipulated to Violation Number 2. The parties presented a joint recommendation, not binding on the court, of revocation, a ten month term of incarceration, and no additional supervised release term. Judge Wier issued his R&R the following day, recommending acceptance of "the parties' recommendation as an appropriate result and one that is consistent with the function of sentencing under § 3553." [R. 34 at 5.] The R&R directs the parties' attention to the relevant statute which requires any objections to be filed within ten (10) days of service. *See* 28 U.S.C. § 636(b)(1). As of this date, neither party has

filed objections nor sought an extension of time to do so.

      Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

      1.      The Recommended Disposition [R. 34] as to Arthur Lee Freeman is **ADOPTED** as and for the Opinion of the Court;

      2.      The Defendant, Arthur Lee Freeman, is found to have violated the terms of his Supervised Release as set forth in Violation Number 2 of the Petition filed by the United States Probation Office. Violation Number 1, as set forth in the Petition filed by the United States Probation Office, is **DISMISSED**, per the oral motion of the United States;

      3.      The Defendant's Supervised Release is **REVOKED;**

      4.      The Defendant, Arthur Lee Freeman, is **SENTENCED** to the custody of the Bureau of Prisons for a term of imprisonment of **ten (10) months**, with **no** additional term of supervised release to follow;[1]

---

[1] The Court notes that the Defendant filed a Waiver of his right to allocution before the district court. [R. 35, Attach. 1.]

5. The Court **recommends** that the Defendant, Arthur Lee Freeman, receive access to suitable drug treatment, if reasonably available and if sought by the Defendant, during his time in custody; and

6. Judgment shall be entered concurrently herewith.

This the 14th day of December, 2009.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge